Good morning all. Judge Williams is joining us by speakerphone. Good morning. All right, our first case for argument this morning is Adolphson v. Commissioner. Mr. Becraft. May it please the court. My name is Larry Becraft. I'm here to represent the appellate in this case, Adolphson. It's a very simple appeal. To me, the only reason that this sparse record reveals anything of merit is the fact that it involves something, you know, these mailing rules. And mailing rules have to be used at times to solve certain problems. Here in this case, the IRS is required to send to a putative taxpayer a notice of lien or a notice of levy by certified mail. That sets up a procedure, you know, once you receive that, you can go through an administrative procedure with the IRS, IRS Office of Appeals, and if you don't like the outcome there, you can go to tax court. Well, there's a procedure that is very similar to that. You know, when the IRS says that somebody owes additional taxes, they're required to send out a notice of deficiency, and that has to be sent by certified mail. Now, there's a developed field of law that relates to the issue involved in this case, and it relates to this other field dealing with notices of deficiency. You know, at times, people don't receive certified mail. And, you know, the IRS will typically, in reference to notices of deficiency, send out something by certified mail, and then if somebody didn't file a petition in tax court, you know, within 90 days, you know, they make an assessment against the party they sent the notice to, and then they start collection activities. Is that because they don't have an address? No. You know, people move. There's changes of address. You know, there's oftentimes, you know, the IRS can't come up with proof about how they mail something to somebody. And the law in this case requires notices of deficiency to be sent by certified mail, and in this field of law that we're dealing with here, notices of levy, the same thing is required. Now, I'll direct the court's attention to, there's a case that came up in this related field regarding notices of deficiency. You know, last summer, there was this Edwards against Commissioner of Internal Revenue case, 791, Fed Third, page 1. You know, that case deals with the notice of deficiency, where the taxpayer didn't receive it, and when they didn't receive it, they filed a petition in tax court. Now, the D.C. Circuit made a decision in that case. They said, well, you know, the tax court doesn't have jurisdiction, but how you dismiss a case like this, the jurisdictional basis for the dismissal is real important. And the D.C. Circuit said, hey, you've got to make a factual finding that a notice of a deficiency wasn't sent to the putative taxpayer. Now, that's, we don't have anything similar to that by any other court of appeals. That's, I guess, the reigning decision on that point. On the related aspect of that, you know, where you have to send notices of levy by certified mail, there's a tax court case called the Bufano case, and it's similar in nature. You know, it did the same principle that the Edwards court found, the tax court found, in reference to this issue of sending notices of levy by certified mail to a tax debtor in the Bufano case, the court said, the tax court said, well, you know, you've got to have, when you file a petition in tax court and it's going to be dismissed, the reason for the dismissal is real important. Is it because the IRS didn't send something by certified mail? Now, in this case, we've got something very similar. You know, the IRS started collection activities against Mr. Adolfson. He didn't receive any certified mail notices that happened, so he went to tax court, and he wanted a decision saying, hey, the reason why, you know, the IRS can't proceed against me is because they didn't send me certified mail notices of levies. He was without, didn't file for how many years? Off the top of my head, I can't recall, something like, it's in the early 2000s. Yeah, but it's quite a few years where they didn't. That is true. Normally one would correct an address and do other things when they file. Well, the address is, you know, if you look at the documents that the IRS and the tax court relied upon, there's a P.O. box and a Bettendorf file on these items called account transcripts, and so the IRS comes in to show that the, you know, tax court didn't have jurisdiction. It submits these uncertified documents, and then it also says, you know, the counsel for the IRS says, well, gee, we don't know where it was mailed to. You know, we got an address on here. The simple fact of the matter is, there was a complete absence of any proof regarding something being mailed to Mr. Adolfson. So here's my concern here, because I understand you want us to follow the Bufano line of cases, correct counsel? Yeah, that's correct. Yeah, because if we do that, then what we would do is find that the tax court had the power under 6330 to invalidate the levies because of the failure to properly mail the notice, and then your client would prevail. What I'd like you to address is how the tax court can have that jurisdiction, can have that power, when the statute really doesn't give them that power. You know, what is that really based on other than that line of cases? Well, I'll respond to this way, Your Honor. There's a lot of cases that, and I mentioned this in my brief, a court has jurisdiction to determine its jurisdiction. And when a party comes along and makes an argument that the court doesn't have jurisdiction, you know, if you're going to be raising an issue, a factual basis that's outside the record, then you're going to have to offer evidence in that respect. But see, the problem is, if the tax court doesn't have jurisdiction, how does it have jurisdiction to grant relief to your client? Well, the decision that the court, the tax court would make would be like the Bufano. It would say this case is dismissed because, you know, the IRS didn't send a notice of levy to Mr. Adolfson by certified mail. Or, you know, comply, otherwise comply with the mailing and notification requirements of section 6330 of the code. My light's come on, Mr. Hutter. Good morning. May it please the court, Randolph Hutter for the commissioner. The tax court is a court of limited statutory jurisdiction. And the court here correctly dismissed this case because Mr. Adolfson never received a notice of determination. A notice of determination, which is usually issued after a collection due process hearing, is one of the tickets to the hearing. And if the taxpayer has not received one, the tax court does not have jurisdiction to hear his case. In this case, Mr. Adolfson agrees that the tax court lacked jurisdiction. But he argues that the court should have dismissed on the ground that the notice of intent to levy was never mailed to his last known address, and therefore that notice was invalid. In that situation, a taxpayer's proper course of action is not to file a petition in the tax court because there's no statutory provision for the tax court to have jurisdiction in that situation, but as we've explained in our brief, to file an administrative claim with the IRS under 6343 for release of a levy and return of levied property. A taxpayer can also file a claim for damages in collection activities. So there are other remedies, and the tax court in this case did not have the primary ticket that it needed to have jurisdiction. Therefore, it properly dismissed the case on the ground that it did. Where's the, what do you call it, the release of levy? Yes, 6343. And that's filed in the regular federal court? No, that's a claim that's filed with the IRS. That's an administrative proceeding. Oh, I see, administrative. That's before he gets into the court. Yes, yes. And that provides for release of a levy and return of levied property. And the tax court doesn't have any jurisdiction over 6343. It doesn't have similar powers that are granted in 6343. That's a remedy that's provided to the taxpayer specifically in a case like this. And that's what he should have done. Now, we have to acknowledge that the Bufano case exists, and the Bufano case made a decision based on the record before it. The difference is that the record that was in the Bufano case allowed that court to make a determination regarding last known address and proper mailing. The record in this case did not. So let me just ask you this. In terms of that administrative claim, that 6343, that would be the procedure that would take place before the seizure, right, of any asset? No, that takes place after. That takes place after. Just like the refund suit in federal court, that takes place after the seizure of the asset. That is correct. That is correct. The procedure provides for a taxpayer to file a claim asking for the release of a levy and the return of levied upon property. And the regulations under that statute specifically speak to a situation where this final notice of intent to levy was not mailed to the taxpayer. Therefore, 6343 and the regulations under it expressly deal with this situation. That's the remedy that a taxpayer should be following. But if we follow the Bufano line of cases, I just want to make sure I have all of this clear, that would be pre-seizure. That's a pre-seizure remedy. I mean, right, the assets haven't been seized. Well, it depends. Or have they? Well, usually, a taxpayer, if he says that he never got a notice of final intent to levy, then he might not find out about things until whoever receives the notice of levy has received the notice of levy and possibly has paid over the funds. Oh, I see. It could be the taxpayer finds out about it before anything's actually been turned over to the IRS, or it could be that something has been turned over already to the IRS. It's not clear. Okay, thank you. And I'd also like to emphasize that Bufano really is just one case, and it's not a precedential opinion. The tax court in this case did not have to follow it. Number one, because the record in this case is not like the record in Bufano. In Bufano, the tax court was able to make a clear finding that a notice of intent to levy was not sent to the last known address. Here in this case, the record doesn't support that. The tax court had no choice. But to say, I can't make that finding, I'm going to dismiss for lack of jurisdiction. Also, again, the Bufano case is one case. It's not precedential. The tax court in this case was not bound and determined, bound to follow it. It didn't have to. I assume you think that's wrongly decided also, right? We're not making that claim. The IRS is not challenging the Bufano decision in this case, and it did not appeal Bufano at the time. It's not making that claim. In this case, it merely argues that Bufano, the tax court in this case, did not have to follow Bufano. And what it did, it had the option to do exactly what it did, and therefore it was correct. Do you know the amount? Is there an existing levy or money that's already been taken? It's not in the record. My understanding is the amount that's already been taken, and Mr. Becraft may have another amount in mind, is only $800. That's all I've heard about that has been received by the levy in this case. Do you know what the undue taxes are? The notices of levy add up to about a quarter of a million dollars. And that is a result of, as you pointed out, the taxpayer hasn't filed returns in over a decade probably. And so, to be frank, he's not exactly helping the IRS know what his last known address is. So that's another reason that the tax court correctly decided the case the way it did. Also, the tax court didn't have jurisdiction. Even if it wanted to follow Bufano, it didn't have the jurisdiction to grant the taxpayer here the relief he requested. He requested an injunction and refund of his money. Well, even Bufano doesn't allow that. Nothing allows the tax court to do that. So, in order for the taxpayer to get what he's asking for, even if the tax court followed Bufano in this case and dismissed it on that ground, Mr. Adolfson would still need to file those administrative claims with the IRS in order to get his money back. Because the tax court, even in this case, even under Bufano, could not have had jurisdiction to grant him the relief he requested. Therefore, what the tax court did is correct because it's really the only relief it had before it. Thank you, Mr. Hunter. Thank you very much. Mr. Pecraft. Let's take a look at the quality of the evidence that the tax court relied upon to dismiss this case. It took evidence outside the record, these account transcripts that have some address on them. And these were uncertified documents that were attached to the briefs of the commissioner's lawyer. They were uncertified. And then, of course, the lawyer was sitting there telling the court what were the facts of the case. You know, this is my interpretation of these uncertified documents. The error in this case is plain. You know, there was, you know, this was, they were uncertified documents. That is a violation of the rules. And to me, any lawyer that's got a couple of years under his belt dealing with, you know, dealing with government documents is going to know, whoa, this is plain. So we have in this case, you know, a party can, Americans have all sorts of remedies and can go to a wide variety of courts. Here in this case, we had a pro se who went to tax court. True, there's procedures like these other administrative procedures. But nonetheless, he went to tax court. But isn't this administrative procedure under 6343, that fits exactly the taxpayer situation, whereas going to tax court doesn't. Well, but there's also, I maintain that there's another remedy that you can go to tax court because the established procedure, statutory procedure is, is that a notice of levy must be sent by certified mail. That gives the taxpayer an opportunity to administratively proceed with the IRS Office of Appeals. And then when you get a notice from the IRS Office of Appeals that's adverse, that then becomes the basis for going to tax court. And, you know, we can sit here and say that there is no other established procedure, but the Bufano Court, I mean, yeah, I think you ought to have compliance upon the tax court that deals with these matters quite often. And the Bufano Court, I think, has an outcome that I think is fair. Mr. Becraft, do you believe the commissioner now has the accurate address of the petitioner? Well, yes, you know, there's a... So they could go forward now and... Undoubtedly, because he filed a pro se petition. And he had his address on all his pleadings, you know. The appendix might have, you know, I don't know it off the top of my head. But, you know, they obviously know where he lives. You know, maybe they had an old address, maybe they sent it to the wrong address, we don't know. The quality of the evidence used to dismiss the tax court case was woefully lacking. It violated the rules, it weren't certified. And then the evidence to use to dismiss the case, you know, came from the lawyer. And, you know, I think all judges know that lawyers are not witnesses. I've enjoyed it, Your Honor. All right, thank you, Mr. Becraft. Thank you, Mr. Hutter. The case is taken under advisement.